## Stevens v. Stevens

June 13, 1950.

James R. Sowards, Judge.

Coldiron & Warnock and Hubert Counts for appellant.

Baxter Arnett and Lovel H. Liles for appellee.

JUDGE KNIGHT—Reversing.

Appellee brought this suit for absolute divorce against appellant on the ground of cruel treatment and asked for custody of their only child, Molly Sue Stevens, about two years of age. She counterclaimed, praying for absolute divorce from him on the same ground and the additional ground of cruel beating and injury, and asked for custody of the child. She further prayed for lump sum alimony in the sum of $3000 and reasonable monthly

alimony for her own support and for maintenance for the child, for possession of the home owned by appellee, and the furniture therein for the use of herself and child, and for attorney's fee and cost of the action. Upon submission of the case on depositions, the Chancellor was of the opinion that neither side produced proof sufficient to justify granting either an absolute divorce, but that it was apparent that the parties could not live together happily. He accordingly entered a judgment granting a divorce from bed and board, each from the other, and awarding custody of the infant child to appellant. Maintenance for the child was fixed at $30 per month and appellant was allowed $100 attorney's fee and costs of the action, but was denied any alimony or maintenance for herself. The judgment provided for the restoration of all property which each had acquired from the other by virtue of the marriage. Appellant prosecutes this appeal from that judgment.

Appellee, at the time he gave his deposition on August 11, 1949, was 21 years of age, and was employed by the C. & O. Railroad as a machinist. According to his testimony, he made approximately $320 per month when he worked on Sundays and holidays, and took all the overtime he could get, but that without this extra work, he made approximately $140 per month. At the time he testified, he had been laid off from his job on account of strikes in the coal mines and was drawing only $20 per week as unemployment compensation. Presumably he has now returned to his regular work, but the record does not disclose this. According to his testimony, he owes $34 for furniture and owes his father $800 for money which his father had loaned him from time to time to help pay on an automobile, to buy clothes when he got out of the navy, and to help in building his house. He has two lots in the town of Flatwoods in Greenup County, which cost him $200 each, and on one of these he is building a four room house of which three rooms are completed and in which the family lived. He owns the furniture of three rooms which is paid for, except the $34 mentioned above, but its value is not shown. According to his testimony, the present sale value of the house and two lots he owns is from $2500 to $3000. This presents appellee's financial condition as shown by his evidence.

Appellant is 26 years of age and was married to

appellee on February 1, 1947. She has no property, is not at present employed, and has no income. She is now living with her parents in Olive Hill. According to her testimony, the house and lots owned by appellee are worth $4000 to $5000, and one of her witnesses, who sold the lots to appellee and has had some experience in real estate trades, testified that appellee's property has a market value of $4500 to $5000, and that he would give $4000 and take a chance of selling it for a profit over that. Another of her witnesses, who owns property nearby, places the value of appellee's property at $5500. This presents appellant's financial situation and the value of appellee's property as shown by her evidence.

The marital difficulties between these parties appear to have developed entirely from maladjustment of their sex relations. There appears to have been no trouble of any consequence between the parties until after the baby was born, which was in December 1947. Appellee's evidence goes to show that after the birth of this baby, appellant did not want any more children and either refused sexual intercourse with him at times or required him to use contraceptives or to complete the act in some abnormal way that would prevent her from again becoming pregnant. According to his testimony, she had refused intercourse with him altogether during the three weeks prior to their final separation and his institution of this suit for divorce. He also testified that she nagged him and quarreled with him, but from reading the evidence as a whole, there does not appear to have been any more nagging or quarreling than occurs in the usual husband-wife relationship. Such as there was appears to have arisen from their sex relations and his desire for more sexual intercourse than she was willing to freely submit to. She admitted on cross-examination that after the baby was born she didn't have any sexual desires but submitted to sexual intercourse when he demanded it. According to her testimony, she did not absolutely refuse sexual intercourse with him but one time, about a week before the separation, and he fought her on that occasion. She also testified that he struck her on two other occasions resulting in bruises on her breast and arms. She left him after one of the combats but returned to him later. According to her testimony, she did the usual work of a housewife about the house, including the family washing.

Without further detailing the evidence, all of which we have carefully read and considered, we think, as before stated, that the principal cause of the wreck of this marriage is maladjustment of their sex relations. Certainly the Chancellor was justified in granting a divorce from bed and board. Since appellant is not complaining of the refusal of the lower court to grant her an absolute divorce, and appellee is not cross-appealing on the refusal to grant him an absolute divorce or on the question of the custody of the child, the only question involved in this appeal is right of appellant to alimony for herself, in addition to the maintenance granted her for the child, arising out of the divorce from bed and board. The Chancellor should not have included in the judgment entered a provision for the restoration of property since a divorce from bed and board does not call for restoration of property, KRS 430.050, Civil Code of Practice, Sec. 425, Hoagland v. Hoagland, 218 Ky. 636, 291 S. W. 1044. The status of the parties as to all property acquired previous to that time remains the same as before the decree and appellant still has her dower interest in the property standing in her husband's name. Clearly this is not a case in which a lump sum alimony, demanded by appellant, should be allowed. However, we think it is one in which some monthly alimony should have been allowed. Appellant was not without some fault on account of her sex coldness towards appellee, but, on the whole, the proof shows that she performed her other marital duties and appellee brought no charges against her character or moral conduct and proved none. Neither was he without fault and he was not justified in striking or beating her on occasions when she refused sexual relations. Their present status is one of legal separation and during the continuance of that status, it is still his duty to assist in supporting her in accordance with his ability to do so. The only question is the amount of alimony, which is always difficult to determine.

In their briefs, both sides cite many cases from this Court to substantiate their respective contentions that alimony should not be allowed or that it should be. We have read, and are familiar with, all these cases, but the facts in each of them are different and the question of alimony and maintenance, and the amount thereof, depends on the facts of each particular case. From a con-

sideration of all the facts in this case and the financial situation of the parties as outlined above, we are of the opinion that in addition to the $30 monthly for the child, appellant should be allowed alimony in the sum of $45 per month for herself.

Wherefore the judgment is reversed with directions to enter one in accordance herewith.